**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-1926
_____

ROOSEVELT A. BATTS,
                        Appellant

v.

COMMISSIONER LOUIS GIORLA;
CITY OF PHILADELPHIA; PRISON HEALTH SYSTEM
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 2-11-cv-05941)
District Judge:  Honorable Eduardo C. Robreno
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
December 24, 2013

Before:  SMITH, GARTH and ROTH, <u>Circuit</u> <u>Judges</u>

(Opinion filed: December 27, 2013)
_____

OPINION
_____

PER CURIAM

        Pro se appellant Roosevelt Batts, a prisoner in the Philadelphia Prison System

(PPS) appeals the District Court's orders (1) granting summary judgment to defendants

Louis Giorla, the Commissioner of PPS; the City of Philadelphia; and Prison Health

System, the contractor that provided medical services for PPS (collectively, "the defendants"); and (2) denying his request for discovery. We exercise a plenary standard of review over the District Court's summary judgment order, see State Auto Prop. & Cas. Ins. Co. v. Pro Design, P.C., 566 F.3d 86, 89 (3d Cir. 2009), and review the discovery order for abuse of discretion, see Petrucelli v. Bohringer & Ratzinger, 46 F.3d 1298, 1310 (3d Cir. 1995). For the reasons set forth below, we will affirm the District Court's judgment.

After preliminary proceedings not relevant here, Batts filed a second amended complaint in the District Court asserting the following two claims under 42 U.S.C. § 1983: (1) the defendants provided him inadequate medical treatment; and (2) the defendants impermissibly housed him together with two other prisoners in a cell designed for only two. The defendants filed a motion for summary judgment as to the inadequate-medical-treatment claim only. The District Court (Judge Robreno) granted the defendants' motion, concluding that Batts had failed to show that the defendants displayed deliberate indifference to his medical needs. Judge Robreno then entered judgment on the medical-treatment claim pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, and transferred the prison-overcrowding claim to Judge Shapiro, who is handling a number of consolidated cases involving the same issue. See E.D. Pa. Civ. A. No. 11-3711. Batts then filed a timely notice of appeal to this Court.

As an initial matter, the defendants contend that we lack jurisdiction over this appeal. We disagree. In a case like this, where the District Court relies on Rule 54(b) to

certify a judgment for appeal and states explicitly in its order that "there is no just reason for delay," our jurisdiction "depends upon whether the district court properly granted 54(b) certification." Elliott v. Archdiocese of N.Y., 682 F.3d 213, 219 (3d Cir. 2012) (internal quotation marks omitted). We have set forth a number of factors for district courts to consider in determining whether certification is appropriate, and we will "disturb the trial court's assessment of the equities only if we can say that the judge's conclusion was clearly unreasonable." Berckeley Inv. Grp., Ltd. v. Colkitt, 455 F.3d 195, 202 (3d Cir. 2006). Here, the District Court's analysis was reasonable. Most pertinently, the certified claim (concerning medical treatment) is largely independent of the remaining claim (concerning triple celling). Moreover, there is no possibility that proceedings in the District Court could moot this appeal; there is little chance that this Court could be forced to consider the same claims again; and, since Batts is the plaintiff as to both claims, there will be no set-off. See id. at 203 (setting out these factors). Therefore, the District Court did not abuse its discretion in certifying this judgment under Rule 54(b), and we deny the defendants' motion to dismiss.[1]

We will affirm the District Court's judgment on the merits. We have consistently held that "[a] defendant in a civil rights action must have personal involvement in the alleged wrongs; liability cannot be predicated solely on the operation of respondeat

---

[1] Further, contrary to the defendants' suggestion, district courts may exercise their certification power sua sponte. See Weiss v. York Hosp., 745 F.2d 786, 804 (3d Cir. 1984); see also 10 Charles Alan Wright et al., Federal Practice and Procedure § 2660 (3d ed. 2013).

3

superior." Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988). Batts has not claimed that Giorla, the Commissioner of PPS, had a role in providing or determining the medical treatment that Batts received. While he claims that he sent letters to Giorla complaining about his medical care, that is not sufficient to establish liability under § 1983. See Spruill v. Gillis, 372 F.3d 218, 236 (3d Cir. 2004). Therefore, the District Court did not err in granting summary judgment to Giorla on this claim.

Meanwhile, to bring a § 1983 claim against a local government agency, such as the City of Philadelphia, or against a private healthcare provider that is allegedly acting under color of state law, such as Prison Health System, the plaintiff must show that an official policy, practice, or custom caused an injury. See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 690 (1978); Natale v. Camden Cnty. Corr. Facility, 318 F.3d 575, 583-84 (3d Cir. 2003). Critically, to sustain a claim under this framework, Batts must establish an underlying constitutional violation. See Sanford v. Stiles, 456 F.3d 298, 314 (3d Cir. 2006). Here, he cannot do so.[2]

Batts complains about the treatment he received for a skin infection, for injuries he sustained after falling from his bunk, and for injuries he sustained when a cellmate fell on him. However, he acknowledges that he did receive continual care for each of these ailments. For his skin infection, medical and prison personnel provided him with

---

[2] While we have not yet determined the precise standard that applies to medical-treatment claims when brought by pretrial detainees (like Batts in this case), see Natale, 318 F.3d at 581 n.5, we need not resolve the issue here because Batts has failed to show that his care was inadequate under any relevant standard.

4

antibiotics, ointment, and bandages, and Batts has agreed that this treatment cured the infection. For the two falls, he received numerous examinations (one of which he missed because he was playing in a basketball tournament), pain medication, x-rays (which showed no fracture or dislocation), and even an ultrasound. While Batts might have preferred different treatment, we have recognized that courts will "disavow any attempt to second-guess the propriety or adequacy of a particular course of treatment[,] which remains a question of sound professional judgment." Inmates of Allegheny Cnty. Jail v. Pierce, 612 F.2d 754, 762 (3d Cir. 1979) (internal alterations, quotation marks omitted)). Indeed, in his complaint, Batts repeatedly uses the words "negligence" and "malpractice" to describe his care; allegations of this sort are "not sufficient to establish a Constitutional violation." Spruill, 372 F.3d at 235. Therefore, the District Court properly granted summary judgment on this claim to the defendants.

Finally, the District Court did not abuse its discretion in denying Batts's discovery request for information concerning the amount of a certain medication that PPS had ordered over a two-year period. He has not shown how this information could have advanced his claim, and he is therefore entitled to no relief on appeal. See Anderson v. Wachovia Mortg. Corp., 621 F.3d 261, 281 (3d Cir. 2010) (explaining that a discovery order will not be disturbed "absent a showing of actual and substantial prejudice").

Accordingly, we will affirm the District Court's order. We also deny Batts's motion to file a supplemental appendix. Batts has not identified the documents that he omitted from his initial appendix and wishes to include in his supplemental appendix.

However, to the extent that the documents are already part of the District Court's record, it is unnecessary to include them in a supplemental appendix, as this Court already has access to them; to the extent that they are not part of the District Court's record, Batts has not shown that his case presents the type of "exceptional circumstances" that would justify supplementing the record on appeal. Burton v. Teleflex Inc., 707 F.3d 417, 435 (3d Cir. 2013).